CLD-182                                               **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3471
_____

TODD D. DORN,
                    Appellant

v.

OMAR AGUILAR, ESQ.; ATLANTIC COUNTY
PUBLIC DEFENDERS OFFICE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 1-15-cv-06011)
District Judge: Honorable Noel L. Hillman
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 17, 2016

Before: FISHER, JORDAN and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 30, 2016)
_____

OPINION*
_____

PER CURIAM

        Todd D. Dorn appeals from an order of the District Court dismissing his complaint

with prejudice and denying him leave to amend.  For the reasons that follow, we will

dismiss the appeal as frivolous.

Dorn, an inmate at South Woods State Prison in Burlington, New Jersey, filed an in forma pauperis civil rights action, 42 U.S.C. § 1983, against his public defender, Omar Aguilar, Esquire, and the Atlantic County Public Defender's Office. Dorn alleged that Aguilar mishandled drug conspiracy charges against him, causing him to be incarcerated and separated from his children, in violation of his Sixth Amendment right to effective assistance of counsel. Dorm sought money damages. The District Court granted Dorn leave to proceed in forma pauperis but dismissed his complaint with prejudice for failure to state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii). The Court reasoned that public defenders are not persons subject to suit under § 1983.

Dorn appeals. Our Clerk granted him leave to appeal in forma pauperis and advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary action under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing. Dorn filed a pro se brief, which was received by the Clerk for the Court's information only (because a briefing schedule has not issued). We have treated the brief as argument in support of the appeal.

We will dismiss the appeal as frivolous. We have jurisdiction under 28 U.S.C. § 1291. An appellant may prosecute his appeal without prepayment of the fees, 28 U.S.C. § 1915(a)(1), but the in forma pauperis statute provides that the Court shall dismiss the appeal at any time if the Court determines that it is frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is frivolous when it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A federal civil rights action under § 1983 may only be maintained against a defendant who acts under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). As explained by the District Court, Dorn did not

2

state a claim for relief against his public defender and the public defender's office because neither is a state actor for purposes of § 1983. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). Dorn argues in his pro se brief that the District Court should have granted him leave to amend in order to state a claim of legal malpractice against Aguilar for violating the Rules of Professional Conduct, but such an amendment would have been futile, see Grayson v. Mayview State Hospital, 293 F.3d 103, 108, 111 (3d Cir. 2002), for the reason stated above and because a violation of New Jersey's Rules of Professional Conduct does not implicate "a right secured by the Constitution and laws of the United States," West, 487 U.S. at 48. See also Polk, 454 U.S. at 325.

For the foregoing reasons, we will dismiss the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).